Henry BELL, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civ. A. No. C–1877.

United States District Court,
D. Colorado.

Nov. 19, 1969.

ORDER DENYING MOTION
TO VACATE

ARRAJ, Chief Judge.

This matter is before the Court on a motion to vacate judgment and sentence pursuant to 28 U.S.C. section 2255.

Petitioner is presently confined in custody of the United States Attorney General at the U. S. Medical Center, Springfield, Missouri.

Petitioner, after a jury trial, was convicted and sentenced on May 4, 1956 for illegal possession and transfer of marihuana, in violation of 26 U.S.C. sections 4742(a) and 4744(a). He was represented at the trial by his own counsel and testified on his own behalf. He was found guilty and was sentenced to eleven years under the multiple offense provisions of 26 U.S.C. section 7237(a).

The petitioner appealed his conviction and on September 13, 1956 the United States Court of Appeals for the Tenth Circuit dismissed the appeal for failure to prosecute.

Petitioner's motion to vacate is based on the grounds that his sentence was imposed under a statute which violated petitioner's constitutional privilege against self-incrimination. The claim relies on Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969); Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 716, 19 L.Ed.2d 906 (1968); and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968).

The record and the reporter's transcript of the trial shows that the petitioner in no way sought to raise the issue of privilege against self-incrimination at his trial.

The assertion of the claim for the first time by this post-conviction motion for relief is not timely. Sepulveda v. United States, 415 F.2d 321 (10th Cir. 1969).

Ruling on this motion is made on questions of law presented, there being no issues of fact presented by the petition or trial record. Therefore, since the motion can be and is fully disposed of by a full examination of the record, no hearing on the motion is necessary. Semet v. United States, 369 F.2d 90 (10th Cir. 1966); Barnhart v. United States, 270 F.2d 866 (10th Cir. 1959).

The petitioner is now precluded from asserting the claim of his privilege on an

application for post-conviction relief. It is, therefore,

Ordered as follows:

1) That the application to proceed in forma pauperis be, and is hereby, granted.

2) That the motion to vacate sentence pursuant to 28 U.S.C. section 2255 be, and the same hereby is, denied.