Barbara J. DUNN, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 77–8014.

United States Court of Appeals, District of Columbia Circuit.

May 31, 1977.

■■■■■■■■■

Barbara J. Dunn, pro se.

Before MacKINNON and ROBB, Circuit Judges.

Opinion for the Court filed by MacKINNON, Circuit Judge.

MacKINNON, Circuit Judge:

Appellant was sentenced following a plea of guilty to an indictment charging violation of 26 U.S.C. § 4704(a). Thereafter she complained that the sentence imposed was illegal, and moved to have it corrected, and/or for reduction of sentence. Following the denial of said motion by the District Court she now petitions this court to appeal *in forma pauperis* and for the appointment of counsel.

The relevant judgment of conviction reflects that on March 16, 1972, appellant Barbara J. Dunn, appeared in person and by her counsel in the United States District Court. At that time it was adjudged that the defendant upon her plea of guilty, and the court being satisfied that there was a factual basis for the plea, was convicted of the offense of possession of a narcotic drug in violation of 26 U.S.C. § 4704(a). The judgment of conviction entered on that date states:

IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative [for imprisonment for a period of] pursuant to the provisions of Title 18, United States Code, Section 5010(a) of the Federal Youth Corrections Act for a period not to exceed Five (5) years.[1]

The reference is to the following provision of the statute:

If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation.

18 U.S.C. § 5010(a).

Thus, when the judgment of the court is read in conjunction with the statute to which it referred (18 U.S.C. § 5010(a)), since subsection (a) refers only to probation, it is clear that the intent of the court was to place appellant on probation and the judgment was subsequently so interpreted by the court. The court's intent to suspend the imposition or execution of any sentence was also indicated by striking from the printed form all reference to any "imprisonment" and by the complete refusal of the court to state that any period of confinement or imprisonment was imposed. In addition, most importantly, *appellant has never been confined pursuant to the judgment.*[2]

1. The words in brackets appeared in the judgment as printed material but each letter of each word had been stricken from the actual judgment by diagonal lines inserted by typewriter.

2. It would have been clearer had the court suspended the *imposition* of sentence as follows:

It is adjudged that the defendant is guilty as charged and convicted, that he is a youth offender, and it is hereby ORDERED, pursuant to the Federal Youth Corrections Act, Title 18, United States Code, Section 5010(a), that the imposition of sentence is hereby suspended, and further pursuant to said section the defendant as a youth offender is placed on probation under the supervision of the Probation Officer of this court for a period of ____ years (upon the following terms and conditions:) or (under such conditions as may be set by said Probation Officer).

To suspend the *execution* of sentence:

It is adjudged that the defendant is guilty as charged and convicted, that he is a youth offender, and that he is committed to the custody of the Attorney General or his authorized representative for a period of (____ years) or (not less than ____ (years) (months) nor more than ____ (years) (months)); and it is further ORDERED pursuant to the Federal Youth Corrections Act, Title 18 United States Code, Section 5010(a), that the execution of said sentence of imprisonment is hereby suspended, and further pursuant to said section the defendant as a youth offender is placed on probation under the supervision of the Parole Officer of this court for a period of ____ years (upon the following terms and conditions) or (under such conditions as may be set by said Probation Officer).

Some three years after appellant was placed on probation, in 1975, she was charged with a violation of the terms of her probation. The only result of this violation was that her probation was continued with additional conditions being imposed.

In 1976, appellant again violated the terms of her probation. This led to the revocation of her probation and on May 20, 1976 the court sentenced her as follows:

ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of TEN (10) YEARS, pursuant to the provisions of Title 18, United States Code, Section 4205(b)(2), the defendant is to become eligible for parole as determined by the Board of Parole.

Appellant now contends that the 10-year sentence of imprisonment is illegal because it exceeds the 5-year period of probation that was originally imposed. The District Court denied her motion for correction of sentence on the ground that the 1972 sentence was solely to probation. We agree.

The statute, with respect to the violation of the terms of probation, provides:

Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, *if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.*

18 U.S.C. § 3653 (emphasis added). It is clear from the 1972 judgment of conviction, *supra,* that the court, acting under the authority of the Youth Corrections Act, *did* suspend the imposition of sentence and

place appellant on probation as it was authorized to do by 18 U.S.C. § 5010(a).[3] The 5-year period to which the court's judgment of March 16, 1972 referred must be interpreted as a period of *probation* for the reasons previously set forth; since the "imposition of sentence was suspended [the court was authorized to] impose any sentence which might originally have been imposed." The statute that appellant violated was 26 U.S.C. § 4704(a)[4] and it authorized a sentence of imprisonment up to not more than ten years (26 U.S.C. § 7237(a)).[5] Therefore, the court was within its statutory authority in imposing the sentence that it did.

When a court places a youth offender on probation under section 5010(a) of the Youth Corrections Act, it is exercising an option in lieu of sentencing and not imposing a "sentence" within the strict meaning of the word. *United States v. Glasgow,* 389 F.Supp. 217, 220 n. 6 (D.D.C.1975). Thereafter, when the terms of probation are violated the court may impose any sentence that might originally have been adjudged. 18 U.S.C. § 3653, *supra. United States v. Evers,* 534 F.2d 1186 (5th Cir. 1976). There is no denying that a sentence of not more than ten years was within the sentencing range for the original offense, 26 U.S.C. § 7237(a), *supra.* Therefore, appellant's sentence was correct and her motion is denied.

*So ordered.*

---

**3.** The court did not suspend the execution of any sentence because no sentence of imprisonment, or fine, was imposed.

**4.** 26 U.S.C. § 4704(a) provided:

It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package . . . . .

**5.** 26 U.S.C. § 7237(a) provided:

Whoever commits an offense, or conspires to commit an offense, described in part I or

part II of subchapter A of chapter 39 for which no specific penalty is otherwise provided, shall be imprisoned not less than 2 or more than 10 years and, in addition, may be fined not more than $20,000. For a second offense, the offender shall be imprisoned not less than 5 or more than 20 years and, in addition may be fined not more than $20,000. For a third or subsequent offense, the offender shall be imprisoned not less than 10 or more than 40 years and, in addition, may be fined not more than $20,000.