**Gary Edward BRINEY, Petitioner,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent.**

**No. 77–91–Orl–Civ–R.**

United States District Court,
M. D. Florida,
Orlando Division.

July 19, 1977.

---

Gary Edward Briney, pro se.

A. Thomas Mihok, Asst. U. S. Attorney, Orlando, Fla., for respondent.

## MEMORANDUM OF DECISION

REED, District Judge.

The petition for writ of habeas corpus filed herein came on for hearing on 15 July 1977.

The record in this case reveals that the petitioner pled guilty to one count of distributing heroin in violation of 21 U.S.C. § 841(a)(1). This court found the petitioner to be a young adult offender and sentenced him to the custody of the Attorney General for treatment and supervision pursuant to the provisions of 18 U.S.C. § 5010(b). See *United States v. Briney,* Case No. 76–15–Orl–Cr–R. This sentence was imposed on 29 March 1976.

On 5 April 1976, the petitioner was incarcerated. On 9 June 1976, he went before the respondent Parole Commission which subsequently denied his request for parole and advised him that his next regular review hearing would occur in December 1977. Petitioner exhausted administrative remedies then available to him and filed the instant petition.

At the evidentiary hearing on the petition, the petitioner was present and testified that in his opinion he has made an excellent institutional adjustment and should be released before December 1977 which is the date to which he was set off. He also testified that he has a physical problem with his eyes which will require surgery for correction.

Appearing for the United States Parole Commission, Barbara Meierhoefer corroborated Mr. Briney's testimony to the effect that his institutional adjustment was good. She also testified that under guidelines applied by the Parole Commission to Mr. Briney's case, he could be released between twenty to twenty-seven months. (Under regular adult guidelines petitioner could be released after twenty-six to thirty-six months). His next review will take place in December 1977, twenty months after his incarceration commenced. Her testimony established that releases outside the guidelines are normally based on some unusual circumstance such as the prisoner's health, an unusual situation with the prisoner's

family, or impending commitments under other sentences. To the extent applicable, these factors were taken into consideration at the initial Parole Commission hearing and rejected as a basis for treating Mr. Briney outside the guidelines.

Mrs. Meierhoefer also testified that Mr. Briney's salient factor score was ten out of a possible eleven points which indicates that he is a good parole risk. She testified that his offense severity was rated as very high. Based on these factors the Parole Commission made its decision to set petitioner off for twenty months. She further testified that under Regulation 2.28 promulgated by the Parole Commission, if Mr. Briney feels that his eye condition is deteriorating, he may advise the Regional Commissioner of this factor and obtain further consideration of the possibility of treating him outside the parole guidelines.

Petitioner argues that the Commission's use of guidelines as a means for determining release time convert an otherwise lawful sentence into one which is unlawful. Basically, therefore, the issue presented here is whether or not the Parole Commission may use its guidelines for determining the release of persons committed under the Youth Corrections Act. These guidelines are published in 28 C.F.R. § 2.20 et sequi.

The Fifth Circuit has repeatedly upheld the authority of the Parole Commission to promulgate, follow or depart from guidelines in cases involving adult offenders. See *Payne v. United States,* 539 F.2d 443 (5th Cir. 1976); *Bistram v. U. S. Parole Bd.,* 535 F.2d 329 (5th Cir. 1976); *Brown v. Lundgren,* 528 F.2d 1050 (5th Cir. 1976).

■ There is nothing in the Youth Corrections Act or in Chapter 311 of Title 18, United States Code, dealing with the Parole Commission which suggests that the Parole Commission may not adopt and use guidelines for determining the release time of persons committed as youthful offenders or young adult offenders under the provisions of Chapter 402 of Title 18, United States Code. In fact, recent Congressional action mandates a contrary conclusion. Section 5017(a) of Title 18 provides:

"(a) The Commission may at any time after reasonable notice to the Director release conditionally under supervision a committed youth offender *in accordance with the provisions of section 4206* of this title. When, in the judgment of the Director, a committed youth offender should be released conditionally under supervision he shall so report and recommend to the Commission." (Emphasis added).

Section 4206(a) of Title 18, United States Code, provides:

"(a) If an eligible prisoner has substantially observed the rules of the institution or institutions to which he had been confined, and if the Commission, upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, determines:

(1) that release would not depreciate the seriousness of his offense or promote disrespect for the law; and

(2) that release would not jeopardize the public welfare;

subject to the provisions of subsections (b) and (c) of this section, and *pursuant to guidelines promulgated by the Commission* pursuant to section 4203(a)(1), such prisoner shall be released." (Emphasis added).

From this legislation it is beyond doubt that the Parole Commission has the authority to promulgate reasonable guidelines for use in determining release time for persons committed under the Youth Corrections Act. This conclusion is supported at least by implication by the recent Fifth Circuit case of *United States v. Yates,* 553 F.2d 502 (1977). There is no contention here that the guidelines adopted are unreasonable, and they do not appear unreasonable on their face. They take into consideration specific circumstances surrounding the prisoner (salient factor score) and the seriousness of the offense in question.

■ The important factor to recognize is that the authority to administer the parole system has been vested by Congress in

the Parole Commission—not the courts. For this reason, this court's review of the activities of the Parole Commission in releasing or refusing to release a prisoner is necessarily limited to those situations in which a constitutional or statutory violation is clearly shown. Such is not presented in this case. Here the guidelines which have been applied to the petitioner were adopted in accordance with law and there is no evidence indicating they were applied in a manner that would deny the petitioner equal protection of the law. Under such circumstances this court concludes that it is without authority to modify the Parole Commission's determination to set petitioner off for a period of twenty months.

The Clerk will enter judgment in favor of the United States Parole Commission.

DONE AND ORDERED in Chambers at Orlando, Florida, this 19th day of July, 1977.