UNITED STATES of America, Plaintiff,

v.

Connie Gail CHAPPELL, Defendant.

No. CR–75–53–D.

United States District Court,
W. D. Oklahoma.

Aug. 18, 1978.

John E. Green, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

John Connolly, Jr., Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

On January 28, 1975 Connie Gail Chappell (hereinafter referred to as "movant"), having waived prosecution by indictment, was charged by an information with one count of conspiracy to commit a criminal offense against the United States by concealing and keeping in her possession falsely made, forged and counterfeited obligations and securities of the United States, in violation of 18 U.S.C. § 371. Following her plea of guilty to the charge, on March 7, 1975 this Court entered the following judgment:

IT IS ADJUDGED that the defendant is found to be a youthful offender and the imposition of a sentence of imprisonment is reserved on the one count of the Information and the defendant is placed on probation for a period of three (3) years from this date, under Title 18, U.S.C.,

Section 5010(a)[1] of the Federal Youth Corrections Act.

In September, 1977 the United States Probation Office for this judicial district filed with the Court a petition requesting revocation of movant's probationary sentence on the basis that she had violated a condition of her probation. The Court conducted both a preliminary and a final hearing on the petition and found therein as shown by the reports filed herein on each hearing that movant had in fact violated the terms and conditions of the probationary sentence imposed against her in that during her probationary period she violated the laws of the State of Oklahoma and pleaded guilty to such violations, the same being the unlawful possession of marihuana and the unlawful possession of methaqualone. The Court subsequently revoked movant's probation and sentenced her as follows:

CONSIDERED, ORDERED AND ADJUDGED that the Defendant Connie Gail Chappell is found to be a young adult offender and is sentenced and committed to the custody of the Attorney General, or his duly authorized representative for imprisonment under Title 18, U.S.C., Section 5010(b)[2] or until the Defendant is otherwise discharged as provided by law.

Movant has now filed with the Court a motion to vacate, set aside or correct the § 5010(b) sentence pursuant to 28 U.S.C. § 2255. The Government has responded to movant's motion and the movant has filed a traverse and memorandum of law in response thereto.

---

1. This section is the probation provision of the Federal Youth Corrections Act and provides:
   If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation.

2. § 5010(b) provides:
   If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Commission as provided in section 5017(c) of this chapter.

§ 5017(c) provides:
   A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction.

In support of her motion, movant contends that the four to six year sentence imposed on her pursuant to § 5010(b) following the revocation of her probation illegally increased the original sentence imposed on her on March 7, 1975, in violation of double jeopardy, and that she was not present when she was sentenced to the four to six year term under § 5010(b), in violation of Rule 43, Federal Rules of Criminal Procedure.[3]

In its response to movant's motion, the Government asserts that movant was properly sentenced following the probation revocation and that her contention that the sentencing was improper for the reason that she was not present when it was imposed is inconsistent with the records of the sentencing proceedings wherein it is indicated that movant appeared at said proceedings with counsel.

As the Court finds movant's § 2255 motion to be based solely on questions of law presented in the record and that there are no issues of fact presented, an evidentiary hearing in this case is not required as the Court can decide movant's motion by a full examination of the record before it. *See Raines v. United States,* 423 F.2d 526 (Fourth Cir. 1970); *Bell v. United States,* 309 F.Supp. 992 (D.Colo.1969); Rule 8(a), Rules Governing § 2255 Proceedings in District Courts.

Under § 2255, a prisoner in custody pursuant to a federal court sentence may, at any time, move the sentencing court to vacate, set aside or correct the sentence on the ground that it was "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." In the instant case, movant is not challenging the legality of the original sentence placing her on probation for three years but objects to the

§ 5010(b) sentence imposed on her following the revocation of her probation on the grounds that this sentence illegally increased her original sentence. She contends that when her probation was revoked she could only be sentenced to the three years originally sentenced and that this three-year sentence could not be increased.

The Court finds movant's contention to be without merit. The Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5026, provides the sentencing judge with a wide variety of sentencing options to ensure that youth offenders receive treatment commensurate with their individual needs for correction and rehabilitation and society's need for protection from anti-social youths. Under the Act, the court may place a youth offender on probation, 18 U.S.C. § 5010(a); it may, in lieu of a penalty of imprisonment otherwise provided by law, sentence him to the custody of the Attorney General for treatment and supervision for not more than four years, with an additional period of probation, 18 U.S.C. §§ 5010(b), 5017(c); or it may commit the youth offender for treatment and supervision for any period authorized by law for the particular offense, 18 U.S.C. §§ 5010(c), 5017(d). Finally, if the court explicitly finds that a youth offender will not derive benefit from treatment, it may sentence him as an adult, 18 U.S.C. § 5010(d); *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). To aid the court in choosing the correct sentencing alternative, the Act provides that a convicted youth may be committed for sixty days for observation and study prior to the imposition of sentence. 18 U.S.C. § 5010(e). *See generally,* Annot., Validity, Construction, and Application of Provisions of Federal Youth Corrections Act (18 U.S.C. § 5010) Governing Sentencing and Rehabilitation Treatment of Youth Offenders, 11 A.L.R. Fed. 499 (1972).

---

**3.** This Rule provides in pertinent part:

(a) *Presence Required.* The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

**324**

When the Court on March 7, 1975 reserved imposition of sentence and placed movant on probation under § 5010(a) of the Federal Youth Corrections Act, it was exercising an option in lieu of sentencing and was not imposing a "sentence" within the strict meaning of the word. *See Dunn v. United States,* 182 U.S.App.D.C. 261, 561 F.2d 259 (D.C.Cir.1977). Thereafter, when the movant violated the terms of her probation and the Court revoked her probationary sentence, the Court was entitled to impose on her any sentence that might originally have been adjudged. 18 U.S.C. § 3653;[4] *Dunn v. United States, supra; Cherry v. United States,* 299 F.2d 325 (Ninth Cir. 1962). Accordingly, once it revoked movant's probation the Court could have sentenced movant under the Federal Youth Corrections Act provisions of § 5010(b), (c) or (e), or, upon the requisite finding that the movant would not benefit from treatment under the Federal Youth Corrections Act, it could have sentenced her as an adult under § 5010(d). The Court in its discretion chose to sentence her to the custody of the Attorney General for treatment and supervision pursuant to § 5010(b). The imposition of such a sentence was within the Court's authority. *See Cherry v. United States, supra.*

Upon examination of its sentence upon movant, the Court is convinced that the sentence imposed upon her was proper. Following movant's plea of guilty to the original charge the Court was entitled to defer the imposition of sentence and place her on probation. 18 U.S.C. § 5010(a). Following her violation of the conditions of her probationary sentence during the period of probation, the Court was entitled to revoke her probation and impose on her any sen-

tence which might originally have been imposed. 18 U.S.C. § 3653. It is clear that a sentence under § 5010(b) was a sentence which might originally have been imposed on movant. *See Cherry v. United States, supra.* Movant's contention that the § 5010(b) sentence illegally increased her original sentence is misplaced. The Court's commitment of movant to the custody of the Attorney General pursuant to § 5010(b), until discharged as provided in § 5017(c), was well within the limits allowed by statute, and was well within the sound discretion of the Court where movant pleaded guilty to 18 U.S.C. § 371.

Movant's contention that she has been placed in double jeopardy by the revocation of her probation and imposition of sentence has no merit. *See United States v. Kuck,* 573 F.2d 25 (Tenth Cir. 1978); *Thomas v. United States,* 327 F.2d 795 (Tenth Cir. 1964), *cert. denied,* 377 U.S. 1000, 84 S.Ct. 1936, 12 L.Ed.2d 1051 (1964); *Gillespie v. Hunter,* 159 F.2d 410 (Tenth Cir. 1947); *United States v. Fultz,* 482 F.2d 1 (Eighth Cir. 1973); *United States ex rel. Sole v. Rundle,* 435 F.2d 721 (Third Cir. 1971); *Dunn v. California Department of Corrections,* 401 F.2d 340 (Ninth Cir. 1968); *Cherry v. United States, supra.*

Movant further contends that her § 5010(b) sentence following the revocation of her probation was illegal as she was not present when the four to six year term under that section was imposed. Her contention is premised on her argument that at the time the Court pronounced the sentence:

the petitioner *was not pronounced any specific amount of time when she was sentenced.* In view of the various sen-

---

**4.** 18 U.S.C. § 5023(a) of the Federal Youth Corrections Act provides in part:

Nothing in this chapter [the Federal Youth Corrections Act] shall limit or affect the power of any court to suspend the imposition or execution of any sentence and place a youth offender on probation or be construed in any wise to amend, repeal, or affect the provisions of chapter 231 of this title [the probation chapter, 18 U.S.C. §§ 3651–3656] . . .

18 U.S.C. § 3653 provides that in the event a probationer is found to have violated the probation during the probation period:

the court may revoke the probation and require [the probationer] to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

tencing alternatives afforded by the YCA, a *specific section* and *number of years* must be pronounced at the time of sentencing. The mere language of, 'the court now sentences you under said act, to the custody of the Attorney General' is not a specific sentence by any means as it does not specify any amount of time.

. . . . .

It appears as though a Judgment and Commitment order was prepared revoking the petitioner's probation and sentencing her pursuant to 18 USC § 5010(b), to a term of 4–6 years *after* the proceedings were held in open court. This was in the *absence* of the defendant-petitioner. (Emphasis in original.)

Movant's statement that she was not present when the sentence in question was imposed is not supported by the record. The record of the sentencing proceedings in question affirmatively shows the presence of movant and her counsel. To the extent movant is arguing that her sentence is illegal because the Court's oral pronouncement of the sentence failed to specify a specific section of the Federal Youth Corrections Act under which she was being sentenced and the number of years of the sentence, movant is in error. The sentence of movant was not equivocal. The Court's oral pronouncement of the sentence clearly revealed the intention of this Court to sentence movant to the custody of the Attorney General pursuant to the Federal Youth Corrections Act. The formal judgment of the sentence entered by the Court on the same day as the oral pronouncement indicated that movant was being sentenced under § 5010(b) of that Act. As the Court sentenced movant under § 5010(b), which provides for an indeterminate term of confinement up to four years and of conditional supervision up to six years, it was unable to specify the amount of time movant was to serve under that sentence. That decision is left to the Parole Commission. *Briney v. United States Parole Commission,* 434 F.Supp. 586 (M.D.Fla.1977).

In view of the foregoing, the Court finds and concludes that movant has no grounds for relief pursuant to 28 U.S.C. § 2255. Her motion for the same is overruled.

It is so ordered this 18th day of August, 1978.