**UNITED STATES of America, Appellee,**

v.

**John D. HEMBY, Appellant.**

No. 84–6112.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1984.

Decided Jan. 17, 1985.

James E. Swiger, Arlington, Va. (Ashcraft & Gerel, Washington, D.C., on brief), for appellant.

Robert W. Jaspen, Asst. U.S. Atty., Richmond, Va. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., on brief), for appellee.

Before WINTER, Chief Judge, and HALL and ERVIN, Circuit Judges.

HARRISON L. WINTER, Chief Judge:

The question presented by this appeal is whether the district court after sentencing defendant, John David Hemby, in 1979 to three years' imprisonment as an adult with service to begin after the completion of service of an earlier sentence imposed pursuant to the Federal Youth Corrections Act (YCA), 18 U.S.C. § 5010(c), properly ordered in 1983 that defendant serve the remainder of the earlier sentence as an adult. The district court ruled that it could properly exercise that authority, and it directed that defendant serve the remainder of his earlier sentence as an adult.

We affirm, albeit for reasons different from those assigned by the district court.

## I.

On March 2, 1977, defendant pled guilty to a charge of bank robbery in violation of 18 U.S.C. § 2113. The district court for the Eastern District of New York sentenced defendant pursuant to 18 U.S.C. § 5010(c) of the YCA to an indeterminate sentence not to exceed ten years.

On March 30, 1979, Judge Warriner of the Eastern District of Virginia sentenced defendant to three years' imprisonment as an adult following defendant's plea of guilty to a charge of assaulting a correc-

tional officer in violation of 18 U.S.C. § 111. Judge Warriner found that defendant "would not benefit from sentencing under the [YCA]," and imposed the adult sentence to be served consecutively to defendant's unexpired YCA sentence. On June 19, 1980, a U.S. Magistrate for the Western District of Tennessee sentenced defendant to an additional six-month consecutive adult term of imprisonment following another conviction for assault.

On December 2, 1981, the Supreme Court decided *Ralston v. Robinson*, 454 U.S. 201, 102 S.Ct. 233, 70 L.Ed.2d 345 (1981), which held that a "judge who sentences a youth offender to a consecutive adult term may require that the offender also serve the remainder of his youth sentence as an adult." *Id.* at 217, 102 S.Ct. at 243. The only condition on the exercise of this authority is a finding by the second sentencing judge that defendant will not benefit further from YCA treatment during the remainder of his youth term. *Id.* at 219, 102 S.Ct. at 244. *Ralston* also held that such an abolition of the YCA requirements of segregation and treatment could only be performed by the judiciary, and not by the Bureau of Prisons as had been its prior practice.

On May 31, 1983, the United States filed a motion in the Eastern District of Virginia seeking a clarification or modification of Judge Warriner's 1979 sentence as to defendant. It sought to end his YCA treatment and to confine him as an adult. Judge Warriner ruled that while he had not explicitly made the requisite "no benefit" finding when he imposed sentence, he had the authority to make the finding now. He therefore made that finding and ruled that defendant should serve the remainder of his YCA sentence as an adult. *United States v. Hemby*, 583 F.Supp. 58 (E.D.Va. 1983). Defendant appeals from that order.

## II.

■ On appeal defendant advances a number of contentions.* In our view, most of them need not be addressed because we think that Judge Warriner *implicitly* made the requisite finding when he imposed the adult sentence. Although Judge Warriner candidly admitted that he had not made the explicit "no benefit" finding in his 1979 sentencing, that sentencing predated the Supreme Court's statement of its expectation that "[i]n the future, we expect that judges will eliminate interpretive difficulties by making an explicit 'no benefit' finding with respect to the remainder of the YCA sentence." *Id.* 454 U.S. at 219, 102 S.Ct. at 244. Thus, his failure to be explicit is not only understandable but also does not negate the possibility that the finding is implicit.

■ Judge Warriner in the 1979 sentencing did make the explicit finding that for the crime of assault "defendant would not benefit from sentencing under the Federal Youth Corrections Act." We deem this finding the functional equivalent of a finding that defendant would not benefit further from continued treatment under the YCA in accordance with his original sentence. A finding that an offender will not benefit from treatment under the YCA at a point five years in the future must of necessity be made on the facts available to the judge at the time he makes the finding. Since it is inconceivable to us how the judge could find that events which will occur after sentence is imposed will indicate the need for treatment as an adult some years later, we can only conclude that a "no benefit" finding for a sentence to begin at a future date necessarily includes a parallel finding that the offender also will not benefit from the YCA as of the time of sentencing.

---

* He contends that the district court (1) lacked jurisdiction to entertain such a motion, (2) violated Fed.R.Crim.P. 35 by entertaining the motion more than 120 days after sentencing, (3) incorrectly applied *Ralston v. Robinson*, 454 U.S. 201, 102 S.Ct. 233, 70 L.Ed.2d 345 (1981), retroactively, (4) lacked statutory authority to modify the sentence in the absence of an additional criminal offense, (5) subjected him to double jeopardy by increasing the severity of his sentence, and (6) granted the modification without due process of law.

*Ralston* is authority for us to interpret the 1979 specific finding by Judge Warriner. *Ralston* involved the failure of a second sentencing judge to make an explicit change in the defendant's unexpired YCA sentence, although he did find that defendant would not benefit "further" from treatment under the YCA. The lack of an explicit finding did not trouble the Court:

> [W]e conclude that the second sentencing judge made a sufficient finding that respondent would not benefit from YCA treatment during the remainder of his youth term. The judge found that respondent would not benefit "further" under the YCA, and he declined to sentence under that Act, imposing instead a consecutive adult sentence. *In the future,* we expect that judges will eliminate interpretive difficulties by making an explicit "no benefit" finding with respect to the remainder of the YCA sentence.

*Id.* at 219, 102 S.Ct. at 244 (emphasis added). So, too, for the reasons stated, we think that as a matter of interpretation the action of Judge Warriner necessarily included the requisite "no benefit" finding.

We therefore conclude that Judge Warriner's 1979 sentencing finding was sufficient to transform the remainder of defendant's YCA sentence to an adult sentence. This disposition precludes any need to consider the jurisdictional arguments raised by defendant.

### III.

In the view that we take of the case, the factual basis for the defendant's due process argument disappears, as does his argument concerning the retroactivity of *Ralston.* His double jeopardy argument remains and merits brief discussion. Succinctly stated, it is that he has been subjected to double jeopardy when his YCA sentence was altered to an adult sentence.

The double jeopardy issue was not squarely before the Court in *Ralston.* Since the decision of the court of appeals had been favorable to the prisoner on statutory grounds, there had been no reason to decide the constitutional issues, *see Robin-*son v. Ralston, 642 F.2d 1077, 1079 n. 4 (7 Cir.1981). It was raised, however, by Justice Stevens in dissent. 454 U.S. at 224 n. 3, 102 S.Ct. at 247 n. 3. The suggestion that the YCA might be unconstitutional on this ground was rejected by the majority. *Id.* at 220 n. 14, 102 S.Ct. at 245 n. 14.

Absent further expression from the Supreme Court, we deem the issue settled adversely to defendant's argument.

AFFIRMED.