UNITED STATES of America, Appellee,

v.

James B. ROBINSON, Appellant.

No. 84–5267.

United States Court of Appeals,
Fourth Circuit.

Argued June 7, 1985.

Decided Aug. 26, 1985.

Kathleen M. Gallogly, Asst. Federal Public Defender, Baltimore, Md. (Fred Warren Bennett, Federal Public Defender, Baltimore, Md., on brief), for appellant.

Philip B. Barnes, Third Year Law Student (J. Frederick Motz, U.S. Atty., Robert N. McDonald, Baltimore, Md., on brief), for appellee.

Before HALL and PHILLIPS, Circuit Judges, and GORDON, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.

K.K. HALL, Circuit Judge:

James B. Robinson appeals from an order of the district court denying a motion for correction of his sentence. We affirm.

## I.

On November 19, 1981, Robinson pleaded guilty in federal district court to embezzling $12,270 from a bank where he was a proof machine operator, in violation of 18 U.S.C. § 656. The district court found that Robinson, who was twenty-three years old at the time, was eligible for treatment under the Youth Corrections Act ("YCA"), as extended by the Young Adult Offenders Act, 18 U.S.C. § 4216, and he was given a split sentence under the YCA, pursuant to 18 U.S.C. §§ 5010(b) and 5017(c). His sentence provided for a four-month period of incarceration, with the remainder of the indeterminate period of incarceration suspended, followed by a five-year period of probation. Under the conditions of his probation, Robinson was required to obey all laws; make restitution of all the money he embezzled or, in the alternative, perform equivalent service; and participate in financial counseling if it were determined to be appropriate by probation authorities.

Robinson served his four-month term of imprisonment and began his five-year probation upon release. Subsequently, his probation officer filed a petition for probation action, alleging that Robinson had violated his probation by being arrested and pleading guilty in state court to theft; by failing to report the arrest; and by failing to make monthly restitution payments.

The same district court judge who had originally sentenced Robinson conducted a hearing at which Robinson admitted that he had violated the terms of his probation. The district judge found that continued YCA treatment was no longer appropriate and imposed a four-year adult sentence, which he then suspended except for 179 days to be served on a work release basis. With credit given for time previously served, the adult sentence resulted in a net additional term of approximately forty-nine days' incarceration. Robinson was also placed on five years' probation dating from his original conviction.

Thereafter, Robinson filed a motion to correct his sentence, pursuant to Fed.R. Crim.P. 35(a), claiming that the district court improperly converted his YCA sentence to an adult sentence based upon his probation violation. From a denial of that motion, Robinson appeals.

## II.

On appeal, Robinson contends that conversion of his YCA sentence to an adult

sentence constitutes an impermissible increase in sentence under 18 U.S.C. § 3653 and violates the fifth amendment double jeopardy clause. We disagree.

Under section 3653, the district court having jurisdiction over a probation violator "may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." 18 U.S.C. § 3653. Appellant contends that because YCA sentences have distinct benefits which are unavailable under adult sentences, conversion of his YCA sentence to an adult sentence constitutes an impermissible increase in sentence in violation of section 3653. We disagree.

In *Ralston v. Robinson,* 454 U.S. 201, 102 S.Ct. 233, 70 L.Ed.2d 345 (1981), the Supreme Court held that "a judge may modify the essential terms of treatment of a continuing YCA sentence if he finds that such treatment would not benefit the offender further." *Id.* at 217, 102 S.Ct. at 244 (footnote omitted). We followed *Ralston* in *United States v. Hemby,* 753 F.2d 30 (4th Cir.1985). In *Hemby,* we affirmed the lower court's ruling that the defendant serve the remainder of his YCA sentence as an adult, based on a subsequently imposed federal adult sentence and a "no further benefit" finding as to continued YCA treatment.

Neither *Ralston* nor *Hemby* restricted the modification of YCA sentences to cases in which the offender was subsequently convicted of an additional federal crime. Instead, the Supreme Court emphasized the trial court's discretion with respect to sentencing:

> We do not read [the language of the YCA] as requiring the judge to make an *irrevocable* determination of segregation or treatment needs, or as precluding a subsequent judge from redetermining

those needs in light of intervening events.

*Ralston,* 454 U.S. at 211, 102 S.Ct. at 240. We are of the opinion that probation violations, at least those arising out of state crimes, are among the "intervening events" to which the Supreme Court referred.

■ Applying the rationale of *Ralston* and *Hemby* to the facts of the instant case, we conclude that Robinson's claim of illegal sentencing must fail.* Although the district court did not make an explicit "no benefit" finding, it did determine that further YCA treatment for Robinson was inappropriate. This finding was "the functional equivalent of a finding that [Robinson] would not benefit further from continued treatment under the YCA in accordance with his original sentence." *Hemby,* 753 F.2d at 32.

Moreover, we conclude that appellant's adult sentence is no greater than his original YCA sentence and does not violate 18 U.S.C. § 3653. Appellant's indeterminate YCA sentence under 18 U.S.C. § 5010(b) was limited to a maximum term of four years' imprisonment. 18 U.S.C. § 5017(c). His adult sentence also provided for a four-year maximum prison term, well within the five-year maximum set forth in the embezzlement statute. 18 U.S.C. § 656. Likewise, under both his YCA sentence and his adult sentence, Robinson was given a five-year term of probation, and the term of probation under his adult term was to run from the date of his original conviction.

■ Finally, we find no merit in appellant's double jeopardy claim. As we noted in *Hemby,* 753 F.2d at 33, the Supreme Court has rejected the suggestion that modification of a YCA sentence violates the double jeopardy clause. *Ralston,* 454 U.S. at 220 n. 14, 102 S.Ct. at 245 n. 14.

* We recognize that the Ninth Circuit, in a similar case, has found that an adult sentence is greater than a YCA sentence and that "a YCA sentence may be converted to an adult sentence only when a district court has convicted a youth offender of an additional crime." *United States v. Won Cho,* 730 F.2d 1260, 1275 (9th Cir.1984). However, we agree with the government that the decision in *Won Cho* is erroneous, because the majority interpreted *Ralston* too narrowly.

III.

On the basis of the foregoing, the judgment of the district court is affirmed.

AFFIRMED.