875 F.2d 865
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Russell Wayde KINNETT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-6178.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1989.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Russell Kinnett, a pro se federal prisoner, appeals the district court's denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1978, Kinnett pleaded guilty to a four count indictment charging him with transportation of a stolen vehicle in violation of 18 U.S.C. Sec. 2312, transportation of a stolen firearm, and engaging in the business of dealing in firearms without a license, in violation of 18 U.S.C. Secs. 922(a)(1), 922(i) and 924(a). Pursuant to the Federal Youth Corrections Act (YCA), 18 U.S.C. Sec. 5010(a), the court suspended imposition of sentence and placed Kinnett on probation for a total of five years imprisonment. Kinnett's probation was revoked in 1982, after a hearing, and Kinnett was resentenced to concurrent five year terms on each count. In this motion, Kinnett argued that the five year sentence imposed was improper because he had not been convicted of any additional crimes at the time his probation was revoked. The district court summarily denied the motion.
 
 
 3
 Upon review, we affirm the district court's judgment. When a youth offender who has received probation under the YCA violates the terms of that probation, the court may impose any sentence it might have originally imposed. See 18 U.S.C. Sec. 3653; United States v. Robinson, 770 F.2d 413, 415 (4th Cir.1985), cert. denied, 474 U.S. 1103 (1986); Dunn v. United States, 561 F.2d 259, 261 (D.C.Cir.1977). In this case, the sentencing court acted well within its statutory authority in imposing a five year sentence upon revocation of Kinnett's probation. The statutes which Kinnett violated, 18 U.S.C. Secs. 922(a)(1), 922(i), 924(a) and 2312, authorize the imposition of any sentence up to five years. Therefore, the five year sentence imposed was proper as it was within the sentencing range for the original offenses. Furthermore, the case of United States v. Won Cho, 730 F.2d 1260 (9th Cir.1984) (en banc), cited by Kinnett, actually supports the government's position that where imposition of sentence is suspended under the YCA, the court may, upon revocation of probation, impose any sentence permitted under the applicable statute. See Won Cho, 730 F.2d at 1265.
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.