# MATTER OF EDEN

## In Bond Proceedings Pursuant To 8 C.F.R. § 242.2(d)

### A-8361718

*Decided by Board June 14, 1990*

An alien convicted of an aggravated felony is subject to detention under section 242(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(2) (1988), upon completion of the incarceration or confinement ordered by the court for such conviction.

ON BEHALF OF RESPONDENT:
Ira J. Kurzban, Esquire
Kurzban, Kurzban & Weinger, P.A.
2650 S.W. 27th Avenue, 2nd Floor
Miami, Florida 33133

ON BEHALF OF SERVICE:
David M. Dixon
Appellate Counsel

Kenneth S. Hurewitz
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

The Immigration and Naturalization Service has appealed from the immigration judge's decision dated December 6, 1989, granting the respondent's request for a bond redetermination hearing and setting bond at $10,000. The Service's request for oral argument before this Board was waived by appellate counsel for the Service. The appeal will be sustained, and the record will be remanded to the immigration judge.

The respondent is a 45-year-old native of the United Kingdom and citizen of Canada. An Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) dated November 7, 1989, alleges that the respondent was admitted to the United States as an immigrant on August 29, 1952, at Blaine, Washington.

On March 10, 1989, the respondent was convicted in the United States District Court for the Southern District of Florida for possession with intent to distribute diazepam in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §§ 2(a) and (b) (1988). The respondent was sentenced by the court as follows:

IT IS THE JUDGMENT OF THIS COURT THAT: the defendant shall be committed to the custody of the U.S. Attorney General or his authorized representa-

tive for imprisonment for a term of SIX (6) MONTHS. It is further ordered that the defendants (sic) confinement take place at a Community Treatment Center.

IT IS ORDERED AND ADJUDGED that the defendant shall serve a special parole term of TWO (2) YEARS.

The respondent completed his period of confinement and was arrested and taken into custody by the Service while on special parole.

The Service determined that the respondent was to be continued in custody without bond pursuant to section 242(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(2) (1988), on the ground that he was an alien convicted of an aggravated felony as defined in section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (1988). He is charged with deportability under section 241(a)(4)(B) of the Act, 8 U.S.C. § 1251(a)(4)(B) (1988), for conviction of an aggravated felony, and under section 241(a)(11) of the Act, for conviction of a controlled substance violation. The respondent requested a redetermination of his custody status by the immigration judge.

In a decision dated December 6, 1989,[1] the immigration judge found that section 242(a)(2) of the Act was inapplicable to the respondent because he had not completed his sentence within the meaning of that provision. He further found that the respondent had been properly detained under section 242(a)(1) of the Act. The immigration judge concluded that the respondent was eligible for release from Service custody upon the posting of a bond in the amount of $10,000.

On appeal, the Service contends that the immigration judge erred in finding that the respondent was not subject to mandatory detention under section 242(a)(2) of the Act. In the alternative, the Service contends that the amount of bond set by the immigration judge is insufficient. We find that the respondent's detention was required under section 242(a)(2) and that he is ineligible for release from custody under that section. Therefore, the appeal will be sustained, and the record will be remanded to the immigration judge.

Section 242(a) of the Immigration and Nationality Act states in part as follows:

(a)(1) Pending a determination of deportability in the case of any alien as provided in subsection (b) of this section, such alien may, upon warrant of the Attorney General, be arrested and taken into custody. Except as provided in paragraph (2), any such alien taken into custody may, in the discretion of the Attorney General and pending such final determination of deportability, (A) be continued in custody; or (B) be released under bond in the amount of not less than $500 with security approved by the Attorney General, containing such conditions as the Attorney General may prescribe; or (C) be released on conditional parole. ...

---

[1] The record contains a memorandum dated December 14, 1989, by the immigration judge concerning the basis for his decision.

(2) The Attorney General shall take into custody any alien convicted of an aggravated felony upon completion of the alien's sentence for such conviction. Notwithstanding subsection (a),[2] the Attorney General shall not release such felon from custody.

Section 242(a) of the Act, as amended by the Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, § 7343(a), 102 Stat. 4181, 4470 (effective Nov. 18, 1988).

Section 242(a)(2) is, on its face, a mandatory detention provision relating to aliens convicted of an aggravated felony. Such detention is required "upon completion of the alien's sentence for such conviction." The issue in this case is the proper interpretation of this phrase.

As in all cases of statutory construction we begin with the language of the statute itself. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987); *INS v. Phinpathya*, 464 U.S. 183, 189 (1984). The key word "sentence" in section 242(a)(2) is not limited to one clear meaning. On the one hand, "sentence" may refer simply to the judgment or order by which the court assigns punishment. *Black's Law Dictionary* defines "sentence" as follows:

The judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, imposing the punishment to be inflicted. Judgment formally declaring to accused legal consequences of guilt which he has confessed or of which he has been convicted. The word is properly confined to this meaning. In civil cases, the terms "judgment," "decision," "award," "finding," etc., are used.

*Black's Law Dictionary* 1222 (5th ed. 1979) (citation omitted). A plausible interpretation of section 242(a)(2) using this definition of "sentence" would be that an alien convicted of an aggravated felony is subject to mandatory detention upon completion of the sentencing phase of his criminal proceedings. However, "upon completion of the alien's sentence" seems at least an awkward way of referring to the issuance of the court's sentencing order.

Alternatively, *Webster's Third New International Dictionary* recognizes that "sentence" as commonly used may refer not only to the order imposing punishment but to the punishment itself:

[Sentence:] the order by which a court or judge imposes punishment or penalty upon a person found guilty; ... the punishment or penalty so imposed.

*Webster's Third New International Dictionary* 2068 (1986). We find that the common-sense reading of "upon completion of the alien's sentence" in section 242(a)(2) uses the word "sentence" to refer in some way to the punishment ordered instead of the order itself.

This conclusion is supported by the statement of Senator Alphonse D'Amato upon concurrence of the Senate in House bill 5210 which

---

[2] This reference should be to "paragraph (1)" rather than to "subsection (a)."

was enacted into law as the Anti-Drug Abuse Act of 1988 and added section 242(a)(2) to the Immigration and Nationality Act. Concerning the language of section 242(a)(2) Senator D'Amato stated:

> The Bill requires the Federal Government to put aggravated alien felons in detention immediately after they *serve* their criminal sentence.

134 Cong. Rec. S17318 (daily ed. Oct. 21, 1988) (emphasis added).

The parties in this case agree that "sentence" in section 242(a)(2) refers to the punishment ordered and not simply the order imposing punishment. Their disagreement concerns whether Congress intended to refer to more than incarceration. The Service contends that "sentence" in section 242(a)(2) refers only to the actual incarceration served by the alien as a result of the court's judgment. The respondent contends that his special parole is no less a part of his "sentence" than his confinement, and therefore that authority to detain him pursuant to section 242(a)(2) does not exist until his parole term is satisfied.

Again, both alternatives are legitimate uses of the word "sentence." First, "sentence," in the context of referring to the punishment ordered by a court, may be limited in its meaning to the period of incarceration or confinement ordered by the court. It is commonly stated, for example, that a defendant's sentence is suspended and he is placed on probation; "sentence" in this instance plainly refers only to the period of incarceration or confinement imposed by the court. This usage is consistent with the notion of probation or parole as a period of grace relieving a defendant from serving his entire period of incarceration. See *United States v. Torrez-Flores*, 624 F.2d 776 (7th Cir. 1980). It is also consistent with the definitions of "probation" and "parole." See *Black's Law Dictionary* 1006, 1082 (5th ed. 1979) ("Probation" defined in one sense as "[s]ystem of allowing a person convicted ... to avoid imprisonment, under a suspension of sentence," and "[p]robation is release by court before sentence has commenced." "Parole" defined in one sense as "[r]elease from jail, prison or other confinement after actually serving part of sentence.").

Of course, options such as probation, parole, supervised release, etc., may also be specifically included in a sentence by statutory design and, as such, may commonly be referred to as part of the sentence. Whether options such as probation should be considered as part of the sentence is a frequently debated topic. Compare *Hinman v. United States*, 730 F.2d 649, 651 (11th Cir. 1984) ("special parole" not to be treated as "sentence" for purposes of determining judicial compliance with plea bargaining agreements); *Sims v. United States*, 607 F.2d 757, 759 (6th Cir. 1979) (imposition of 5-year prison term upon revocation of probation for 2 years is not double jeopardy because defendant "had not been sentenced"); *Dunn v. United States*, 561 F.2d 259, 261

(D.C. Cir. 1977) (court ordering probation under section 5010(a) of the Youth Corrections Act is exercising option in lieu of sentencing and not imposing a "sentence" within the strict meaning of the word); *United States v. Becker*, 536 F.2d 471, 473 (1st Cir. 1976) ("Probation and sentence are separate and distinct."); *United States v. Fultz*, 482 F.2d 1, 4 (8th Cir. 1973) ("Probation ... is in no sense a sentence as that term is used in the [Probation] Act."); *United States v. Glasgow*, 389 F. Supp. 217, 220 n.6 (D.D.C. 1975) (same as *Dunn v. United States, supra*) *with United States v. Kamer*, 781 F.2d 1380, 1388 (9th Cir. 1986) ("[W]ithin the plea bargaining context, where the reasonable understanding and expectations of the parties prevail, probation is commonly understood to be a sentence."); *United States v. Condit*, 621 F.2d 1096, 1098 (10th Cir. 1980) (finding that "for purposes of 28 U.S.C. § 2255 and 18 U.S.C. § 3653 ... probation is merely one form of sentence"); *United States v. Rodgers*, 588 F.2d 651, 654 (8th Cir. 1978) (stating that "probation is a sentence within the meaning of 18 U.S.C. § 3653"); *Nicholas v. United States*, 527 F.2d 1160, 1162 (9th Cir. 1976) (finding that "probation is a 'sentence' within the meaning of section 3653"); *Napoles v. United States*, 536 F.2d 722, 725 (7th Cir. 1976) ("We conclude that probation is a sentence within the meaning of the provisions of § 2255 and § 3653 .... "); *Smith v. United States*, 505 F.2d 893, 895 (5th Cir. 1974) ("Probation is a sentence like any other sentence.").

The Anti-Drug Abuse Act of 1988 was submitted without a Senate or House Report. *See* 1988 U.S.C.C.A.N. 5937. However, based on our review of the remarks of members of Congress and the history of attempts to add section 242(a)(2), we find that Congress intended its employment of "sentence" in this provision to refer only to the time a defendant serves on the period of incarceration or confinement ordered as a result of his conviction for an aggravated felony.

The initial proposals concerning the detention of alien aggravated felons clearly indicated that Congress sought to detain such aliens without release throughout the pendency of their deportation proceedings. Senate bill 972 introduced by Senator Lawton Chiles of Florida on the legislative day of March 30, 1987, stated in relevant part:

> (2)(A) Any alien arrested under paragraph (1) [of section 242(a) of the Act] pending a determination of whether such alien is deportable on grounds of having been convicted of an aggravated felony shall not be released from custody and shall not be entitled to conditional parole. An alien held in custody under this paragraph by State or local authorities shall promptly be transferred to the custody of the Attorney General.

S. 972, 100th Cong., 1st Sess., 133 Cong. Rec. 8772 (1987); *cf.* 133 Cong. Rec. 8771 (1987) (remarks of Sen. Chiles); 133 Cong. Rec. H8961 (daily ed. Oct. 22, 1987) (remarks of Rep. Smith on corre-

sponding House bill 3529). Under this proposal an aggravated felon would be detained from the time of his arrest by the Attorney General under section 242(a)(1) throughout his deportation proceedings. The proposal contemplates that any alien aggravated felon held by state or local authorities would promptly be transferred to Service custody.

Upon introduction of this same language as part of Senate bill 2852 on the legislative day of September 26, 1988, Senator Chiles stated:

> Another component of our law enforcement title acknowledges a fairly recent development in narcotics trafficking; that is, the connection between illegal aliens and drug trafficking. I am pleased that members of the working group accepted as part of its initiative my package of bills which sets up a statutory scheme to ensure that *illegal aliens convicted of drug or violent crimes are incarcerated until they are returned to their homeland*, thus denying them any kind of parole or voluntary departure. This package requires incarceration of any convicted alien felon ....

134 Cong. Rec. S14112 (daily ed. Oct. 3, 1988) (emphasis added).

On October 21, 1988, the House and Senate concurred in an amended version of House bill 5210 which contained the present language of section 242(a)(2) and which became the Anti-Drug Abuse Act of 1988. *See* H.R. Res. 595, 100th Cong., 2d Sess., 134 Cong. Rec. H11108, H11195 (daily ed. Oct. 21, 1988); 134 Cong. Rec. S17301 (daily ed. Oct. 21, 1988).

The respondent contends that the change between the earlier proposed language for section 242(a)(2) dating back to March of 1987, and the language which was enacted into law, indicates that Congress abandoned its goal of maintaining an alien convicted of an aggravated felony in custody pending a final determination of his deportability. We disagree. A more reasonable explanation for the change concerns the question of when the Federal Government must take over custody of an aggravated felon. Under the earlier drafts, an alien who was serving time in a state prison as a result of his aggravated felony conviction would be transferred promptly to the custody of the Service. We find that the enacted provision reflects Congress' decision to allow the alien serving time in the state or local facility to finish out that time before the Service assumes responsibility for his incarceration. Through the cooperation of state and local governments and the Federal Government the alien remains detained. We are not persuaded that in enacting section 242(a)(2) Congress intended to allow an aggravated felon to be released into the community on, for example, probation, only to require mandatory detention, possibly years later, following that probation.

Therefore, we conclude that "sentence" in section 242(a)(2) refers to the period of incarceration or confinement ordered by the court. The respondent's period of confinement was complete upon his release from the community treatment center after 4 1/2 months. Accordingly,

the immigration judge erred in finding that the respondent was not subject to detention by the Service under section 242(a)(2) of the Act upon release from confinement for his conviction of an aggravated felony.

**ORDER:**    The appeal is sustained, and the record is remanded to the immigration judge.