Charles M. BAKER, Jr., Petitioner,

v.

Earl E. DAY, Warden, Respondent.

No. CIV-77-0265-D.

United States District Court,
W. D. Oklahoma.

June 29, 1977.

Forest N. Simon, Oklahoma City, Okl., Lee Allen Hawke, Boulder, Colo., for petitioner.

John E. Green, Acting U. S. Atty. by Charles Lee Waters, Asst. U. S. Atty., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

This is a proceeding for writ of habeas corpus by a federal prisoner at the Federal Correctional Institution, El Reno, Oklahoma, who claims that he is entitled to a new parole hearing or his immediate release because of constitutional errors in the denial of a parole.

Petitioner is serving an aggregate sentence of seven years imprisonment. On November 18, 1974, he was convicted upon his plea of guilty to a violation of the Dyer Act and sentenced to three years in the custody of the Attorney General of the United States under the provisions of 18 U.S.C. § 4208(a)(2). He escaped from confinement on May 9, 1975 and after being retaken was convicted of the escape offense and sentenced to four years imprisonment on December 17, 1976. On January 8, 1975, the petitioner also received two years probation for the offense of interstate transportation of forged securities. This probationary sentence is to commence upon his release from incarceration.

On September 20, 1976, the petitioner appeared before a panel of the United States Parole Commission at El Reno. His wife, Esther Baker appeared with him as his designated representative. By Notice of Action dated September 29, 1976, the petitioner was advised that he had been continued for statutory review hearing in September, 1978, and provided the following Statement of Reasons:

"Your offense behavior has been rated as very high severity because of the multiplicity of offenses. You have a salient factors score of 3. You have been in custody a total of 22 months. Guidelines

established by the Commission for adult cases which consider the above factors indicate a range of 55–65 months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted. Commission policy prohibits a continuance past 24 months in your case without review. Your next review has been scheduled for further consideration in accordance with this Commission policy."

The petitioner then appealed to the Regional Director. The decision of the panel was affirmed but the reasons were modified as follows:

"Your offense behavior has been rated as high severity because of the multiplicity of offenses. You have a salient factor score of 3. You have been in custody a total of 22 months. Guidelines established by the Commission for adult cases which consider the above factors indicate a range of 32–38 months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, a decision above the guidelines at this consideration appears warranted because of your past history of criminality which includes car thefts and passing worthless checks. Furthermore, you have repeated and serious institutional disciplinary infractions. 18 USC 4208 prohibits a continuance in your case of more than 24 months without review. Your next review has been scheduled in accordance with this statute."

A National Appeal was then perfected by petitioner. The National Appeals Board on January 22, 1977 affirmed and further modified the reasons as follows:

"Your offense behavior has been rated as high severity because of the multiplicity of offenses. You have a salient factor score of 4. You have been in custody a total of 22 months. Guidelines established by the Commission for adult cases

which consider the above factors indicate a range of 26–32 months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, a decision above guidelines appears warranted as evidenced by your pattern of criminal behavior which includes repeated car theft and worthless checks. You are a poorer parole risk than evidenced by your salient factor score as indicated by your violation of probation, repeated escapes from facilities and commission of new offenses while on escape. You have committed repeated and serious institutional disciplinary infractions. 18 USC 4208 prohibits a continuance in your case of more than 24 months without review. Your next review has been scheduled in accordance with this statute."

The petitioner complains that he was denied a meaningful review at the September 20, 1976 hearing. He alleges that the panel refused to permit his wife to present dismissals of state detainers, or to examine and did not consider the petition of persons requesting petitioner's parole, or listen to his wife's declarations of need for petitioner at home. He also asserts that the records concerning the dismissals of the state detainers were supposed to have been corrected by institution personnel prior to the hearing but this had not been accomplished. Also he claims there were various other erroneous and misleading items in progress reports to the Parole Commission and that the hearing summary by the panel also contained erroneous information. His final ground for relief relates to "changing salient factor and guidelines from Examiners at initial hearing, Regional appeal and national appeal" and he points out:

"1. The guidelines were changed from El Reno of 55–65 months; from national appeal to 26–32 months.

2. Salient factor change from El Reno parole review of (3) to (4) at national appeal."

■ The allegations of the petitioner are insufficient to entitle him to relief. None

of the alleged errors were determinative of the decision to deny petitioner a parole. The petitioner really only claims prejudice from consideration by the panel of state detainers which had been dismissed. The hearing summary prepared by the panel contained in the background information reference to four outstanding state detainers, but noted that petitioner had stated at the hearing that all had been withdrawn. No references to any detainer is made in the Statement of Reasons by the hearing panel or either of the reviewing boards.

Petitioner does not attack the sufficiency of the reasons stated by the Commission but rather asks the court to disregard the statement and find that the parole was denied on the basis of other undisclosed but erroneous or impermissible grounds. In doing so it would be necessary for the court to assume, first, that the Commission did not accept the petitioner's statement to the panel that the detainers had been withdrawn; second, that the panel violated the Commission's regulation 28 C.F.R. § 2.31(a) forbidding the denial of a parole because of the mere presence of a detainer; and third, that the Commission misrepresented the true reasons for the denial of a parole.

■ This the court cannot and will not do. The Congress of the United States, by statute, has conferred upon the Parole Commission the sole power to grant or deny parole. 18 U.S.C. § 4203. As pointed out in *Brest v. Ciccone*, 371 F.2d 981, 982–983 (CA8 1967):

"The courts are without power to grant a parole or to judicially determine eligibility for parole. Furthermore, it is not the function of the courts to review the discretion of the Board in the denial of applications for parole, or to repass on the credibility of reports and information received by the Board in making its determinations."

The prisoner is entitled to a "brief statement" of the reasons for the action of the Commission but this is not to control the discretion of the Board. *Mower v. Britton*, 504 F.2d 396 (CA10 1974). Before a court can grant habeas relief to a prisoner complaining of the denial of parole it must appear there has been an abuse of discretion on the part of the Commission resulting in an abridgement of the petitioner's constitutional rights. *Billiteri v. United States Board of Parole*, 541 F.2d 938 (CA2 1976). When the reasons are sufficient to meet due process requirements the scope of inquiry by the court is very limited as shown in the opinion of the court in *Zannino v. Arnold*, 531 F.2d 687, 691 (CA3 1976):

"Congress has invested the Parole Board with broad discretion. The district court may not substitute its judgment for that of the Board, and, therefore, the scope of its review is very limited. In this case, the district court must determine whether the information relied on by the Board to support its admittedly adequate reasons was sufficient to provide a factual basis for those reasons. The inquiry is not whether the Board is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Board's conclusions embodied in its statement of reasons."

■ Here the petitioner's file considered by the Commission included a series of prior offenses, violation of probation and escape. It is not an abuse of discretion to deny parole to a prisoner with such a record. *Calabro v. United States Board of Parole*, 525 F.2d 660 (CA5 1975).

■ As his final ground for relief petitioner apparently complains because the Regional Parole Commission and National Appellate Board decreased the severity of the offense rating for the petitioner from "very high" to "high" and the National Appellate Board increased his salient factor score from (3) to (4). These decisions, however, were in his favor and they undoubtedly were made in response to arguments advanced by him in connection with his appeal and he is in no position to complain because his efforts were successful. The increase in his salient factor score appears to have been the result of crediting the petitioner with his G.E.D. which he claimed the institution-

al review panel had improperly denied him. The very purpose of an appeal procedure is to adjust and correct, if necessary, an initial decision at the lower level. It is the final decision after all administrative appeals have been exhausted which the court must examine for the adequacy of the reasons and the determination of whether a rational basis exists. The final decision by the National Appellate Board in this instance meets all tests and disclosed no abuse of discretion amounting to a constitutional violation.

Accordingly, the Petition for Writ of Habeas Corpus will be denied.

IT IS SO ORDERED.