UNITED STATES of America,

v.

James Riley FORTNER, et al., Defendants.

Cr. No. 74–427.

United States District Court, D. South Carolina, Spartanburg Division.

Sept. 28, 1982.

Eric Wm. Ruschky, Asst. U. S. Atty., Columbia, S. C., for plaintiff.

Parks N. Small, Federal Public Defender, Columbia, S. C., for defendants.

## ORDER ON MOTION TO DISMISS A VIOLATION, SCHEDULED TO BE HEARD AS TO DEFENDANT'S VIOLATION

HEMPHILL, District Judge.

Defendant Fortner, previously placed on probation by Order of this Court,[1] moves to dismiss the probation violation process pending, pursuant to Order of this Court of July 3, 1982. The petition, seeking a bench warrant of the court for the alleged violation, charged defendant as being:

> Convicted of 4/26/82 in the Superior Court, Gaston County, North Carolina, under Indictment 81–CRS–28032 for the offense of misdemeanor larceny.

On August 6, 1982, the Public Defender, his appointed counsel, filed a motion in his behalf, "to dismiss the pending probation violation against him on the grounds that the period of probation had been completed prior to the date of the alleged activity that is the ground for violation of his probation." In support of this Motion he would show:

1. He was sentenced on March 12, 1975, after being found guilty on two counts (1 and 3) of the Indictment. As to Count 3 the sentence was five (5) years and as to Count 1, a consecutive sentence of four (4) years suspended on service of six (6) months and five (5) years probation.

2. He was paroled on his federal sentence to the State of South Carolina on November 16, 1976, after serving the custodial portion of both federal sentences.

3. The alleged probation violation in this case occurred on November 22, 1981, over five (5) years after he had been released from federal custody.

4. The probationary portion of the sentence in this case began running no later than the probationer's federal release date of November 16, 1976, so that the full five (5) year period of probation would have been completed no later than November 16, 1981, which is prior to the North Carolina offense.

As a second ground for dismissal the probationer would move to dismiss on the ground that under the principle of Wharton's Rule that the sentences in this case should have run concurrently and thus the period of probation had terminated prior to the alleged violation of probation.

---

1. Defendant, represented by appointed counsel, was found guilty on March 12, 1975, of violation of 18 U.S.C. §§ 473, 371, 473 and 2 and judgment was thereupon entered by the then presiding judge that defendant be adjudged guilty and sentenced:

 "... to the custody of the Attorney General or his authorized representative for imprisonment for a period of five (5) years as to Count 3, sentence to begin immediately. As to Count 1, the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of four (4) years, provided, however, upon the service of six (6) months, the balance of the institutional sentence is suspended and defendant is placed on probation for a period of five (5) years. This sentence to run consecutively to the sentence in Count 3.

## DOES WHARTON'S RULE APPLY?

Wharton's Rule,[2] now fifty years in effect as a rule of criminal law, states:

> An agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the same is of such a nature as to require the participation of two persons for its commission.

The classic formulation of Wharton's Rule requires that the conspiracy indictment be dismissed before trial. *Iannelli v. United States,* 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975). But as observed by the Fourth Circuit Court of Appeals in *United States v. Bobo,* 477 F.2d 974, 986 (4th Cir. 1973), "rather than being a rule [it] is a concept, the confines of which have been delineated in widely diverse fashion by the court."

■ Initially, this Court finds that the probationer has raised the question too late. He has in part served the sentence imposed by the Court on the Court he now seeks to attack. His attack is on the grace extended in that sentence. He has served the sentence imposed in Count 3 of the Indictment, the charge of receiving counterfeit money under 18 U.S.C. 473 and 2. Were it not for such service, or had he made his plea at the proper time, Wharton's Rule might well apply.

It is true that conspiracy under 18 U.S.C. 371 and Receiving Counterfeit moneys under 18 U.S.C. 473 are separate and distinct crimes. As part of the overt acts charged in the conspiracy count, the violation of 473 is charged in similar but not identical language to that employed in 371. We note with especial interest that under Count 3 of the Indictment, probationer is accused un-

der the added catch-all of 18 U.S.C. 2.[3] The government, by the inclusion of the addendum, practically admits the crime is of such a nature as to necessarily require the participation of two persons for its commission. 18 U.S.C. § 473 provides:

> Whoever buys, sells, exchanges, transfers, receives, or delivers any false, forged, counterfeited, or altered obligation or other security of the United States, with the intent that the same be passed, published, or used as true and genuine, shall be fined not more than $5,000 or imprisoned not more than ten years, or both.

While the act of receiving necessarily involves the exchange, transfer, or delivery, from someone else to participate, the element of intent could well be missing from the act of the deliverer, so that the actual commission of the crime does not require the participation of two or more persons *in the commission of the crime,* as the receipt contemplates a *knowledge* on the part of the recipient that the paper [in this case] received was *counterfeit.* The innocence of a participant is recognized in *United States v. Castens,* 462 F.2d 391 (8th Cir. 1972).[4]

■ In view, however, of the ruling in *United States v. Anzalone,* 626 F.2d 239 (2d Cir. 1980) wherein defendants were charged with conspiracy to violate 18 U.S.C. §§ 472, 473 and with counts alternatively charging Anzalone with § 472 and § 473 counterfeit violations and severance was refused, this Court holds that the case at bar comes within the exception to Wharton's Rule.

Probationer's claim is further foreclosed by *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), where

**2.** Apparently promulgated in 1932 (2 F. Wharton, *Criminal Law* § 1604, p. 1862 (12th Ed. 1932) is stated in the current edition, (1 R. Anderson, *Wharton's Criminal Law and Procedure,* § 89, p. 191, (957) as quoted here.

**3.** 18 U.S.C. § 2 reads:
 (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
 (b) Whoever willfully causes an act to be done which if directly performed by him or

another would be an offense against the United States, is punishable as a principal.

**4.** "It is to be noted that the possessor of the bill does not have to pass it himself—it can be done by an intermediary, innocent or otherwise." Citing, *United States v. Benefield,* 443 F.2d 61 (9th Cir. 1971) and *United States v. Goodwin,* 455 F.2d 710 (10th Cir. 1972). *See also, United States v. Wilkerson,* 469 F.2d 963 (5th Cir. 1972); knowledge of counterfeit character is essential. *Zottarelli v. United States,* 20 F.2d 795 (6th Cir. 1927).

the court held that double jeopardy (the sine qua non of the Wharton Rule) does not bar joint prosecution, conviction, and sentencing for both a conspiracy to violate, and the actual violation, of the same statute. The crimes are said to be distinct. *Callanan v. United States,* 364 U.S. 587, 597, 81 S.Ct. 321, 327, 5 L.Ed.2d 312 (1961).[5]

This Court finds that Wharton's Rule does not apply and the motion is refused as to this ground of relief.

## II

The defendant received a five (5) year sentence on Count 3 (18 U.S.C. § 473 and 2). On Count 3 he was given a detention sentence of five (5) years. On Count 1 (18 U.S.C. § 371), he received a consecutive sentence of four (4) years, but upon the service of six (6) months the balance of the sentence was suspended and he was placed on probation for five (5) years. The Parole Board consolidated his detention sentences for parole date purposes, and he was paroled November 16, 1976, to South Carolina custody. He was released March 30, 1979. On August 4, 1980, his parole expired and probation began. Since the probation violation occurred November 22, 1981, more than five (5) years after he was released from federal custody, but within five (5) years from the date his parole terminated, has his sentence expires, has his sentence terminated?

 The judgment in this case decisively separated the two sentences which were to run consecutively. The earlier sentence had to expire before the later began. The Parole Board, which is forever trying to re-sentence,[6] consolidated the detention part of both sentences, as a purported matter of grace to give him early parole. His

probation sentence was never paroled, and that sentence never came into effect, or began to run until he had served consecutively the five (5) years and the six (6) months. The parole affected only such parts of the sentences, and, during parole he could not have been held to be in violation of a probation which at the time had not begun to run. The judgment entered a wall between the detention and the probation; the detention must be completed before the probation can be effectuated.[7]

The probationer here completed his custodial sentence and commenced service of his probation sentence August 4, 1980. On September 24, 1980, he signed the standard form acknowledging he was on probation. Probation is a sentence like any other sentence. In a multi-count context, the usual method of combining imprisonment and probation is to impose consecutive sentences, with imprisonment counts to be followed by suspended sentence (probation) counts. *United States v. Entrekin,* 675 F.2d 759, 762 (5th Cir. 1982), *citing, Smith v. United States,* 505 F.2d 893.

There is no contention the court abused the statutory discriminatory sentencing power under applicable statutes, particularly 18 U.S.C. § 3651.

The undisputed facts show that the probationer was given two separate sentences for two separate crimes. He served a part of the detention directed by the Court, part of the five (5) year sentence given for violation of 18 U.S.C. §§ 473 and 2 and a portion of the six (6) months detention given as an integral of the split sentence imposed for violation of 18 U.S.C. § 371. This Court is mindful of the able opinion in *Kirk v. United States,* 185 F.2d 185, 187 (9th Cir. 1950),[8] wherein the Court held that:

cluding the careless, misinformed news media and other vultures,

**5.** As explained in *United States v. Brown,* 521 F.Supp. 511 (W.D.Wisc.1981).

**6.** The Parole Board does not have to sit in judgment while the Court is face-to-face with all the relatives, do-gooders, sob-sisters and others who plead with the judge; the judge has to announce his decision, *there,* and in the presence of the entire court, many times in-

**7.** *See, Smith v. United States,* 505 F.2d 893, 895 (5th Cir. 1974).

**8.** Discussed in *Mann v. United States,* 218 F.2d 936 (4th Cir. 1955) wherein the power of the sentencing (district) judge to suspend a sentence is upheld and approved. This Court has

A prisoner serving the first of several sentences is not serving the other sentence.

The Court makes a distinction between the powers of the Court as an instrument of the Judiciary Branch of the United States Government and the Parole Board as an instrument of the Executive Branch. Neither this Court nor any other federal court has the right to revoke or nullify a proper exercise of authority by the Board of Parole, and there is no contention by probationer that the Board of Parole abused its powers in granting parole as to each sentence, and consolidating the consecutive detention sentences, as a matter of grace, to give the prisoner an earlier parole release.

Of consequence to the discussion here is *McNally v. Hill*, 293 U.S. 131, 135, 55 S.Ct. 24, 26, 79 L.Ed. 238, 241 (1934) wherein the Court held that a prisoner lawfully in custody on a conviction under the second count of an indictment, whose sentence thereunder has not been served, is not entitled to a writ of habeas corpus on the ground that his third count was invalid; although, except for the existence of the conviction under the third count, he would be eligible to apply for parole, etc. This case seems to recognize the inherent powers of the Board of Parole which at the same time reserving to the Court the integrity of the given sentence.

It is to be remembered that the probationer here has *never served* (emphasis added) his probation sentence.[9] Cited with approval in *Mann, supra,* is *Phillips v. United States*, 212 F.2d 327, 335 (8th Cir. 1954) wherein it was held:

> We are not overlooking the fact that a District Court can—as it always could since the passage of the Probation Act—place a convicted defendant on probation as to certain counts of an indictment or information, and sentence him to imprisonment on others, but it is our opinion if it is to be done it must be done upon

---

no power to suspend or change sentences *after* service has been entered into.

**9.** He has entered upon that service as indicated earlier. *See also, Weber v. Squier,* 124 F.2d

---

"entering a judgment of conviction" and before the defendant—has commenced the execution of judgment and sentence terminating the case. Nothing that is said in this opinion is to be taken or understood as intimating that there is anything invalid or improper in a sentence which requires imprisonment under one or more counts of an indictment and provides for probation on others.

The probationer's motion for release is refused. Initially, his motion is too late. Additionally, he has never served the probation sentence imposed by the Court. Finally, he makes the motion *after* he has entered upon, but not completed, his probation sentence.

The Clerk will enter an Order adjudging his motion as refused, and ordering him to appear before the Court for further processing on October 4, 1982, at 2:00 P.M. o'clock, United States Courthouse, Columbia, South Carolina, at such courtroom as may then be available for this purpose.

AND IT IS SO ORDERED.

---

618 (9th Cir. 1941), where a consecutive second count probation sentence was held proper to a first count detention sentence.