Ollie Leon **BAILEY**, Plaintiff,

v.

**U.S. PAROLE COMMISSION,** Defendant.

No. 91 C 33.

United States District Court, N.D. Illinois, E.D.

July 23, 1991.

James Anthony Shapiro, James L. Foreman, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter comes before the court on Petitioner Ollie Leon Bailey's petition for a writ of habeas corpus. For the following reasons, the petition is denied.

## BACKGROUND

Mr. Bailey petitions this court for a writ of habeas corpus, claiming his incarceration is illegal. More specifically, he attacks the actions of the United States Parole Commission ("Commission") in revoking his parole.

In 1982 this court convicted and sentenced Mr. Bailey to five years in prison for uttering and publishing a forged United States treasury check and possession of stolen mail. In 1985, soon after releasing Mr. Bailey on parole, the Commission found that he had violated some of his parole conditions. Subsequently, the Commission revoked Mr. Bailey's parole. The Commission reparoled Mr. Bailey on November 25, 1989, with two special conditions. First, he had to attend a drug aftercare program, and second, he had to reside in a community treatment center ("CTC"). The Regional Commissioner soon terminated the second condition due to the travel inconvenience presented by the Rockford based CTC and Mr. Bailey's prospective employment in Chicago. In February of 1990, Mr. Bailey tested positive for cocaine in his standard monthly urine test. As a result, the Commission issued a parole vio-

lator warrant charging him with: (1) unauthorized use of drugs, (2) violation of special drug aftercare condition, (3) failure to obtain or maintain regular employment, and (4) failure to submit written supervision reports for all months between and including November, 1989 to February, 1990. U.S. Marshals took Mr. Bailey into custody on March 22, 1990.

On April 20, 1990, U.S. Probation Officer Butler L. Sharpe III conducted Mr. Bailey's preliminary interview to determine if probable cause existed on any of the charges. Sharpe reported his recommended finding of probable cause on charges one and two to the Regional Commissioner. He failed to find probable cause on charges three and four. In a report dated May 4, 1990, the Regional Commissioner found probable cause on all four charges and ordered Mr. Bailey to remain in custody until the local revocation hearing.

The Commission scheduled this hearing for June 27, 1990, but rescheduled and held it on August 21, 1991, by the request of Mr. Bailey's attorney. The Commission afforded Mr. Bailey the right to an attorney and allowed him to present witnesses. In light of the evidence, the hearing examiners recommended that Mr. Bailey's parole be revoked, all time spent on parole credited, and reparole after seven months in prison with special drug aftercare conditions. The Regional Commissioner, upon review of the examiners' recommendation, extended the prison sentence to sixteen months, and reported this decision to the National Commissioners for review pursuant to 28 C.F.R. § 2.24(a). The National Commissioners upheld the extended sentence and notified Mr. Bailey of the final decision on November 1, 1990. Pursuant to 28 C.F.R. § 2.26, Mr. Bailey appealed to the National Appeal Board of the Commission, who affirmed the prior ruling.

After exhausting all administrative options, Mr. Bailey turns to this court, requesting a writ of habeas corpus. In support of his petition, Mr. Bailey argues that during the parole revocation process, the Commission abused its discretion, violated his due process rights, and violated statu-tory regulations. In response, the Commission denies these allegations and contends that it allotted Mr. Bailey a fair hearing. This court must decide whether Mr. Bailey's accusations merit a writ of habeas corpus.

## DISCUSSION

### 1. Proper Party Defendant

■ The United States Code provides that an application for a writ of habeas corpus shall name the person who has custody over the petitioner. 28 U.S.C. § 2242. Likewise, 28 U.S.C. § 2243 provides that the writ or order to show cause is to be directed "to the person having custody of the person detained." The warden of the facility at which the petitioner is currently serving his sentence is the petitioner's custodian within the meaning of 28 U.S.C. §§ 2241–2243 and is the appropriate respondent to a writ of habeas corpus, even where the petition challenges actions by the Parole Commission. *Guerra v. Meese*, 786 F.2d 414, 416–17 (D.C.Cir.1986); *Billiteri v. U.S. Board of Parole*, 541 F.2d 938, 948 (2nd Cir.1976). Mr. Bailey has named only the United States Parole Commission as the respondent in his petition, and therefore, has failed to name the proper party defendant. In addition, we find that the merits of Mr. Bailey's arguments do not warrant relief by this court.

### 2. Standards of Review

■ The Court's scope of review of a Parole Commission decision is limited. "The Court has no right to revoke or nullify proper exercise of authority by the board of parole." *U.S. v. Fortner*, 549 F.Supp. 657, 658 (D.C.S.C.1982). There are three instances when the Commission's decision cannot be considered a "proper exercise of authority," *Id.*, thus allowing the court to review the decision. First, a court is able to review a decision by the Commission for an abuse of discretion. *Baker v. Day*, 436 F.Supp. 593, 594 (W.D.OK.1977); *Billiteri v. U.S. Board of Parole*, 541 F.2d 938, 939 (2nd Cir.1976). Second, because a prisoner is guaranteed due process in Commission proceedings, a court may review a

Commission decision for due process violations. *Baker*, 436 F.Supp. at 594; *Zaninno v. Arnold*, 531 F.2d 687, 691 (3rd Cir. 1976). Third, the court may review decisions of the Commission for violations of statutory regulations. *U.S. v. Wigoda*, 417 F.Supp. 276, 278 (N.D.Ill.1976). See also *Briney v. U.S. Parole Commission*, 434 F.Supp. 586, 587 (M.D.Fla.1977). This court must determine if the Commission abused its discretion, violated due process, or violated statutory regulations in handling Mr. Bailey's parole revocation.

### 3. Analysis

#### A. *Abuse of Discretion*

■ Mr. Bailey contends that the Commission abused its discretion on three occasions. First, he argues that the Regional Commissioner abused her discretion by finding probable cause on charge four, "failure to submit written supervision reports ...," because Probation Officer Butler L. Sharpe III did not find probable cause on this charge in the preliminary interview. However, pursuant to 28 C.F.R. § 2.48(D), the probation officer's findings in a preliminary interview are only a recommendation. The Regional Commissioner, when determining whether probable cause exists in a case, should take that recommendation into account, but is not bound by that recommendation. In the present case, the Regional Commissioner found probable cause on charge four, contrary to Mr. Sharpe's recommendation. There was a basis upon which her finding was made.

■ Second, Mr. Bailey argues that the Commission abused its discretion by finding probable cause on charge two, "violation of the special drug aftercare condition." He claims the Commission ignored the testimony of Mr. Julian Poole, who testified that Mr. Bailey attended the drug treatment program at the Veterans Center in Oak Park, Illinois, on March 15 and 20, 1990. This testimony, he contends, shows that he did not violate the drug aftercare condition, and proves the Commission abused its discretion by finding probable cause on charge two. The facts show that Mr. Bailey had ample time to enter a drug treatment program, and only did so after a March 12, 1990, meeting with his probation officer. At this meeting, Mr. Bailey's probation officer produced Mr. Bailey's positive test for cocaine, and informed him that parole revocation would be recommended. The Commission did not abuse its discretion by finding probable cause on charge two, for Mr. Bailey made no attempt to comply with the drug aftercare condition until after he was told that he would be charged with violating his parole.

■ Third, Mr. Bailey argues that the Regional Commissioner abused her discretion by sentencing him to sixteen months in prison when the local hearing examiners sentenced him to only seven months. Mr. Bailey asserts that 28 C.F.R. § 2.24(B)(2) allows the Regional Commissioner to increase a sentence by no more than six months. However, Mr. Bailey neglects to consider 28 C.F.R. § 2.24(A), which permits the Regional Commissioner to review the decision of the hearing examiners and take "any action deemed necessary," as long as she refers her decision to the National Commissioners for review. If the Regional Commissioner does not send the decision to the National Commissioners, then 28 C.F.R. § 2.24(B) limits the sentence she can give exceeding the local examiners' recommendation to six months. In the present case, the Regional Commissioner did refer her decision to the National Commissioners for review, and therefore, she could exceed the six month limitation in 28 C.F.R. § 2.24(B). Thus, the Regional Commissioner did not abuse her discretion in sentencing Mr. Bailey to sixteen months in prison.

In sum, we find that Mr. Bailey's arguments concerning abuse of discretion by the Commission in his parole revocation proceeding are without merit. Accordingly, this court finds that the Commission did not abuse its discretion.

#### B. *Violation of Due Process*

■ Mr. Bailey also contends that the Commission violated his due process rights. He cites two particular violations. First, he argues that the Commission violated his

due process rights by not considering conditional release prior to the revocation hearing. 18 U.S.C.A. § 4214 states that, "after a finding of probable cause the Commission may restore any parolee to parole supervision if:

(ii) incarceration of the parolee pending further revocation proceedings is not warranted by the alleged frequency or seriousness of such violation or violations;

(iii) the parolee is not likely to fail to appear for further proceedings; and

(iv) the parolee does not constitute a danger to himself or others."

The Regional Commissioner, taking these criteria into consideration, determined in her May 4, 1990 probable cause report that Mr. Bailey should remain in custody pending the revocation hearing. Furthermore, the Seventh Circuit found that "imprisonment of parolees pending revocation is committed to the Parole Commission's discretion; therefore, generally, this incarceration must be regarded as legal." *Luther v. Molina*, 627 F.2d 71, 72 (7th Cir.1980). In the present case, as the Regional Commissioner properly followed the governing statutes, she did not violate Mr. Bailey's due process rights.

■ Second, Mr. Bailey argues that the Commission violated due process by failing to save and maintain evidence. Pharmchem Laboratories, which tests urine samples for the Commission, normally destroys a urine sample after two months unless asked to save it. The company followed this procedure with Mr. Bailey's urine sample that tested positive for cocaine. Mr. Bailey asserts that the Commission violated his due process rights when it allowed the urine sample to be destroyed, for this precluded Mr. Bailey from having the sample tested independently. The Supreme Court held in *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988), that when an agency destroys exculpatory or "potentially useful" evidence, the opposing party must show that the agency destroyed the evidence in bad faith. *Id.* 109 S.Ct. at 336. In this case, Mr. Bailey has presented no evidence to suggest that the

Commission destroyed the urine sample in bad faith. The Commission possessed Mr. Bailey's positive test result, which is admissable as evidence, and therefore, had no need to save the urine sample. Consequently, the Commission did not ask Pharmchem to do so. Significantly, neither Mr. Bailey nor his attorney ever asked for the sample in order to test it independently. As the Commission did not destroy the urine sample in bad faith and Pharmchem Laboratories disposed of the sample under its normal procedures, the Commission did not violate Mr. Bailey's due process rights by destroying evidence.

In finding that Mr. Bailey's two assertions of due process violations are without merit, this court finds that the actions of the Commission during Mr. Bailey's parole revocation proceedings did not violate any of Mr. Bailey's due process rights.

### C. *Noncompliance with Statutory Regulations*

■ Mr. Bailey contends that the Commission violated 18 U.S.C.A. § 4214(a)(1)(B), which states that the Commission must hold the final revocation hearing ninety days after the parolee's arrest. He claims that the Commission afforded him a hearing ninety-five days after his arrest, thus violating statutory regulations. The Commission admits to this allegation, but argues that this delay was not unreasonable and did not cause Mr. Bailey prejudice.

Regardless of the length of the delay, to receive relief from the court, the petitioner must show that the delay was unreasonable and caused prejudice. *Hanahan v. Luther*, 693 F.2d 629, 630 (7th Cir.1982). Mr. Bailey argues that he was prejudiced by the Commission's delay because Pharmchem Laboratories destroyed his urine sample after two months, making it impossible to have the sample independently tested. However, there exists no evidence that Mr. Bailey or his attorney ever requested the sample to be saved for further testing. More importantly, even if the revocation hearing had taken place within the ninety days allotted by the statute, Pharmchem

had destroyed the urine sample well before this deadline. The destruction of the urine sample was totally unrelated to the Commission's delay. Therefore, the court cannot find that the petitioner was prejudiced by an unreasonable delay.

## CONCLUSION

Along with naming the improper respondent in the petition, this court finds that Mr. Bailey's arguments for relief by a writ of habeas corpus on the grounds that the United States Parole Commission abused its discretion, violated his due process rights, and violated statutory regulations during his parole revocation proceedings are without merit. Therefore, his petition for a writ of habeas corpus is denied.